UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          Case No. 8:23-cv-01070-TPB-AEP

ANGELA K. HALL (a/k/a ANGELA K.
OWENS, ANGELA K. RICHESON),

Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon the United States' Motion for Default Judgment ("Motion") (Doc. 11). By the Motion, the United States seeks entry of a default judgment pursuant to Rule 55, Federal Rule of Civil Procedure, against Angela K. Hall ("Defendant") based upon her failure to respond to the United States' Complaint (Doc. 1). For the reasons set forth below, it is recommended that the United States' Motion be granted.

**I.      Background**

On May 15, 2023, the United States filed a Complaint against Angela K. Hall for (1) unpaid federal income tax assessments for the 2014, 2018, and 2019 tax years; and (2) an unpaid trust fund recovery penalty assessment for the tax period ending on June 30, 2010 (Doc. 1). Specifically, the Defendant filed her federal income tax returns for tax years 2014, 2018, and 2019, reported a liability on each, but failed to pay the taxes reported owing (Doc. 1 ¶¶ 5–6). Further, Defendant, in her capacity as the corporate secretary of Viasys Network Services, Inc., failed to pay in full the employment taxes withheld from the wages of its

1

employees for the second quarter of 2010 (Doc. 1 ¶¶ 11–12). On June 8, 2012, a delegate of the Secretary of the Treasury notified Ms. Hall of the proposed trust fund recovery penalty assessment in writing by mail to her last known address as required by 26 U.S.C. § 6672(b)(1) (Doc. 1 ¶ 20). On March 4, 2013, a delegate of the Secretary of the Treasury assessed a Trust Fund Recovery Penalty in the amount of $288,922.17 against Defendant for the second quarter of 2010 (Doc. 1 ¶ 21). A delegate of the Secretary of the Treasury gave notice of the assessed Trust Fund Recovery Penalty and made a demand for payment on Defendant (Doc. 1 ¶ 21). On August 6, 2013, Defendants requested a due process hearing for the Trust Fund Recovery Assessment for the second quarter of 2010 (Doc. 1 ¶ 25). On January 18, 2014, Defendant's request was resolved by the IRS Office of Appeals, and the Trust Fund Recovery Penalty deficiency for the second quarter of 2010 was sustained (Doc. 1 ¶ 26).

On May 24, 2023, the United States served Defendant with a copy of the summons and complaint (Doc. 8). The Defendant failed to file an answer or responsive pleading to the Complaint. As such, on July 6, 2023, the United States filed a Motion for Entry of Clerk's Default against Defendant (Doc. 9). On July 7, 2023, a Clerk's default was entered against the Defendant (Docs. 10). The United States alleges that the amount in the Motion is for an amount certain: $15,312.37 for her unpaid income tax liabilities and $519,309.45 for her unpaid Trust Fund Recovery Penalty as of July 15, 2023 (Doc. 11). The amount is calculated as the sum of the tax assessments. (Doc. 11). The Defendant is neither on current active duty with the United States military, nor are they minors or incompetent persons (Docs. 11-4, 11-7). In support of its Motion, the United States submitted two Declarations: the Declaration Revenue Officer Angela Sarvinski, and the Declaration of Trial Attorney Christina T. Lanier (Docs. 11-6, 11-7).

II. **Discussion**

The district court has subject matter jurisdiction to enter a federal tax judgment against the Defendants under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331 and 1340. According to Federal Rule of Civil Procedure 55(b), once the Clerk of Court has entered default against a defendant for not appearing, the party seeking affirmative relief may move for default judgment. Rule 55(b)(1) states that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," then on request of the plaintiff with an accompanying affidavit showing the amount due, if the defendant is in default and neither a minor nor an incompetent person, the Clerk of Court must enter judgment for that amount. Fed. R. Civ. P. 55(b)(1).

Here, the United States is seeking tax assessments in the amount of $15,312.37 for her unpaid income tax liabilities (Doc. 11). In support of its request, the United States provided the Declaration of Revenue Officer Advisor Angela R. Sarvinski and the accompanying exhibits affirming that the amount owed by the Defendant (Doc. 11-6). The certified transcripts of Defendant's account attached as Exhibits 1–3 provide prima facie evidence of the validity of the assessments against Defendant. These records establish that assessments have been made and show the amount of the assessed liability that remains outstanding. *See United States v. Chila*, 871 F.2d 105, 1017–18 (11th Cir. 1989). Certificates of Assessments and Payments (Form 4340) prepared under seal under a Certificate of Official Record (Form 2866) are self-authenticating documents admissible under Federal Rule of Evidence 902(1), (11). *McCarty v. United States*, 929 F.2d 1085, 1089 (5th Cir. 1991). An assessment of federal tax by the Internal Revenue Service is presumed valid. *See United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006) ("Once the Form [4340] is provided, the taxpayer must then prove that the assessment is erroneous in order to prevail."); *Chila*, 871 F.2d at 1018 (noting that a Form

3

4340 is "presumptive proof of a valid assessment" (quoting *United States v. Dixon*, 672 F. Supp. 503, 506 (M.D. Ala. 1987), *aff'd mem.*, 849 F.2d 1478 (11th Cir. 1988)). The Defendant did not overcome the presumptive validity of the tax assessments because she failed to appear or otherwise defend this action. The Court accepts the declarants' statements as credible and sufficient evidence for the calculations.

Additionally, the United States is seeking $519,309.45 for Defendant's unpaid Trust Fund Recovery Penalty as of July 15, 2023 (Doc. 11). Under 26 U.S.C. § 6672, Defendant, in her capacity as corporate secretary of Viasys, was charged with the duty to collect, truthfully account for, and pay over to the United States federal income and employment taxes withheld from the wages of the company's employees. Defendant was a person responsible for withholding and paying over Viasys's employment and FICA taxes because of her company role, duties, and responsibilities (Doc. 1 ¶ 17). Defendant failed to ensure that taxes withheld from the wages of employees at Viasys were paid over to the United States despite directing payment to other creditors after she was aware of the outstanding employment tax obligations (Doc. 1 ¶ 19). Despite notice and demand for the payment, this Trust Fund Recovery Penalty remains unpaid in the amount of $519,309.45 as of July 15, 2023 (Doc. 11, at 10).

As such, the United States' Motion is limited to a sum certain demonstrated by the detailed Declarations and Exhibits provided to the Court.

For the foregoing reasons, it is hereby

RECOMMENDED:

1. The United States' Motion for Default Judgment (Doc. 11) in the amount of $15,312.37 for her unpaid income tax liabilities and $519,309.45 for her unpaid Trust Fund Recovery Penalty, be GRANTED.

IT IS SO REPORTED in Tampa, Florida, on this 2nd day of October, 2023.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge